IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
November 4, 2015 Session

## SANDRA LEE WESTBERRY v. STEVE ALLEN WESTBERRY

**Appeal from the Circuit Court for Bradley County**
**No. V-06-045      Lawrence H. Puckett, Judge**

---

### No. E2015-02077-COA-T10B-CV-FILED-NOVEMBER 17, 2015

---

This is an interlocutory appeal as of right, pursuant to Rule 10B of the Rules of the Supreme Court of Tennessee, from the denial of a motion to recuse filed by Steve Allen Westberry ("Former Husband") in the parties' post-dissolution modification proceedings. Having reviewed the petition for recusal appeal filed by Former Husband, and finding no error in Trial Court's ruling, we affirm.

**Tenn. Sup. Ct. R. 10B Interlocutory Appeal as of Right;**
**Judgment of the Circuit Court Affirmed**

JOHN W. MCCLARTY, J., delivered the opinion of the Court, in which CHARLES D. SUSANO, JR., C.J., and THOMAS R. FRIERSON, II, J., joined.

George Taylor Underwood, Knoxville, Tennessee, for the appellant, Steve Allen Westberry.

Barrett T. Painter, Cleveland, Tennessee, for the appellee, Sandra Lee Westberry.

### OPINION

According to the petition filed in this Court, Former Husband filed a motion to recuse the Trial Court Judge based upon what Former Husband characterized in his affidavit in support of the motion as a "repeated pattern of denying me my rights coupled with what [he] believe[d] [was] other bias against [him] by the Court." Specifically, Former Husband asserted in his affidavit in support of the motion that: (a) he never received notice of entry of an Income Assignment Order; (b) the amount to be deducted from his wages pursuant to said order was in error; (c) said order provided for the amounts deducted from Former Husband's wages to be sent directly to Sandra Lee Westberry ("Former Wife"), rather than being sent to her through "the child support receiving unit in Nashville"; (d) said order includes Former Husband's social security number without redaction in violation of his privacy rights; and (e)

Former Husband's motion for contempt based upon Former Wife's obstruction of his visitation remained pending.

The Trial Court Judge denied the motion based on the finding that Former Husband had stated no grounds in his motion or supporting affidavit warranting disqualification or recusal. The Judge noted in the order that the adverse rulings asserted as the sole factual basis supporting the motion were as a matter of law insufficient to support recusal. Former Husband then timely filed his petition for recusal appeal in this Court pursuant to Rule 10B.

## ANALYSIS

Appeals from orders denying motions to recuse or disqualify a trial court judge from presiding over a case are governed by Rule 10B of the Rules of the Supreme Court of Tennessee. Pursuant to section 2.01 of Rule 10B, a party is entitled to an "accelerated interlocutory appeal as of right" from an order denying a motion for disqualification or recusal of a trial court judge. The appeal is commenced by filing a "petition for recusal appeal" with the appropriate appellate court. Tenn. Sup. Ct. R. 10B, § 2.02. The petition for recusal appeal "shall be accompanied by copies of any order or opinion [of the trial court] and any other parts of the record necessary for determination of the appeal." Tenn. Sup. Ct. R. 10B, § 2.03. "If the appellate court, based upon its review of the petition and supporting documents, determines that no answer from the other parties is needed, the court may act summarily on the appeal. Otherwise, the appellate court shall order that an answer to the petition be filed by the other parties. The court, in its discretion, also may order further briefing by the parties within the time period set by the court." Tenn. Sup. Ct. R. 10B, § 2.05. Rule 10B goes on to provide that "[t]he appeal shall be decided by the appellate court on an expedited basis upon a de novo standard of review. The appellate court's decision, in the court's discretion, may be made without oral argument." Tenn. Sup. Ct. R. 10B, § 2.06.

We have determined in this case after a review of the petition, and supporting documents submitted with the petition, that an answer, additional briefing, and oral argument are unnecessary to our disposition because the record provided by Former Husband does not demonstrate error by the Trial Court Judge in the denial of the motion to recuse. As such, we have elected to act summarily on this appeal in accordance with sections 2.05 and 2.06 of Rule 10B.

Without question, "[t]he right to a fair trial before an impartial tribunal is a fundamental constitutional right." Bean v. Bailey, 280 S.W.3d 798, 803 (Tenn. 2009) (quoting State v. Austin, 87 S.W.3d 447, 470 (Tenn. 2002)); see also Tenn. Const. Art. VI, § 11. This constitutional right "is intended 'to guard against the prejudgment of the rights of litigants and to avoid situations in which the litigants might have cause to conclude that the

court had reached a prejudged conclusion because of interest, partiality, or favor.'" Id. (quoting Austin, 87 S.W.3d at 470). "[P]reservation of the public's confidence in judicial neutrality requires not only that the judge be impartial in fact, but also that the judge be perceived to be impartial." Kinard v. Kinard, 986 S.W.2d 220, 228 (Tenn. Ct. App. 1998); see also Offutt v. United States, 348 U.S. 11, 14 (1954) (holding that "justice must satisfy the appearance of justice"). As such, Rule 2.11(A) of the Code of Judicial Conduct as set forth in Rule 10 of the Rules of the Supreme Court of Tennessee requires a judge to recuse himself or herself "in any proceeding in which the judge's impartiality might reasonably be questioned." See also Smith v. State, 357 S.W.3d 322, 341 (Tenn. 2011)(noting that recusal is required, even if a judge subjectively believes he or she can be fair and impartial, whenever "'the judge's impartiality might be reasonably questioned because the appearance of bias is as injurious to the integrity of the judicial system as actual bias'")(quoting Bean, 280 S.W.3d at 805).

The terms "bias" and "prejudice" generally "refer to a state of mind or attitude that works to predispose a judge for or against a party"; however, "[n]ot every bias, partiality, or prejudice merits recusal." Alley v. State, 882 S.W.2d 810, 821 (Tenn. Crim. App. 1994). To merit disqualification of a trial judge, "prejudice must be of a personal character, directed at the litigant, 'must stem from an extrajudicial source and result in an opinion on the merits on some basis other than what the judge learned from . . . participation in the case.'" Id. However, "[i]f the bias is based upon actual observance of witnesses and evidence given during the trial, the judge's prejudice does not disqualify the judge." Id. In addition, "[a] trial judge's adverse rulings are not usually sufficient to establish bias." State v. Cannon, 254 S.W.3d 287, 308 (Tenn. 2008). "Rulings of a trial judge, even if erroneous, numerous and continuous, do not, without more, justify disqualification." Alley, 882 S.W.2d at 821; see also State v. Reid, 313 S.W.3d 792, 816 (Tenn. 2006).

As the Trial Court Judge concluded in the order on review, there are no facts alleged or shown in the record either that demonstrate actual bias on the part of the Judge, or that would lead a well-informed, disinterested observer to question the impartiality of the Judge in this case. It cannot be argued that the Judge had a duty to recuse himself simply because Former Husband is dissatisfied with the rulings against him. As the Judge noted in the order on review, his "only knowledge of" and "only contact with the parties at all times has occurred while the [J]udge was presiding over the case in performance of the [J]udge's duty as the [T]rial [J]udge assigned to preside over the parties' case."

## CONCLUSION

Having determined that the record provided by Former Husband does not demonstrate error, we affirm the Trial Court's denial of the motion to recuse. Former Husband is taxed

with the costs of this appeal, for which execution may issue.  This case is remanded for further proceedings.

_____
JOHN W. MCCLARTY, JUDGE